## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**DANA R. KIDD**                                                                                    **PLAINTIFF**

**VERSUS**                                                          **CAUSE NO.**   3:21-cv-234-DPJ-FKB

**MISSISSIPPI DEPARTMENT OF HUMAN SERVICES**                              **DEFENDANT**

**JURY TRIAL DEMANDED**

---

### COMPLAINT

---

This is an action to recover actual damages for disability discrimination, age discrimination, and race discrimination.  The following facts support the action:

1.

Plaintiff DANA R. KIDD is an adult resident citizen of 11751 Walter Maiden Lane, Collinsville, Mississippi 39324.

2.

Defendant MISSISSIPPI DEPARTMENT OF HUMAN SERVICES is a division of the State of Mississippi.  Defendant may be served with process upon the Attorney General, Lynn Fitch, at Carroll Gartin Justice Building, 450 High Street, Jackson, Mississippi 39201, and upon the Executive Director of the Mississippi Department of Human Services, Robert G. "Bob" Anderson, at 200 South Lamar Street, Jackson, Mississippi 39201.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343.  Plaintiff's race discrimination claim is made both under Title VII 42 U.S.C. § 2000, *et seq.,* and 42 U.S.C. § 1981.  Plaintiff disability retaliation claim is made under the Rehabilitation Act of 1973, 29 U.S.C. § 700 *et. seq.*, for violation of the Rehabilitation Act, 29 U.S.C. § 794(a), which provides that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of . . . [her] disability be . . . subjected to discrimination under any program or activity receiving federal assistance."  This action is authorized by 42 U.S.C. § 1983.

4.

Plaintiff was employed by Defendant for over thirty (30) years, beginning in the lowest level position and advancing until she reached the position of Deputy Administrator over three (3) programs: economic assistance, community services, and child care.  At all relevant times, Plaintiff was the only black employee at the deputy level or above working for Defendant.

5.

Around 2017, Jacob Black, a young white male, became Plaintiff's immediate supervisor. Black and his executives generally left Plaintiff out of meetings and ignored her.  The only logical reason for this disparate treatment is Plaintiff's race, black.

6.

The director throughout most of Plaintiff's employment, John Davis, was non-racist, and treated Plaintiff in a fair manner.  Davis, however, did not control those persons who directly dealt with Plaintiff, such as Black, who is racially-biased.

-2-

7.

In approximately January 2019, Plaintiff became paralyzed. Plaintiff was off work on Family and Medical Leave until approximately April 15, 2019. During the time Plaintiff was out on medical leave because of her disability (substantial limitations while walking), Black made comments indicating bias towards Plaintiff because of her disability. Black indicated that Plaintiff was not wanted at the agency because of her disability.

8.

Plaintiff returned to work in approximately May 2019. At that time, Jacob Black's hostile attitude towards Plaintiff worsened. In August 2019, Black removed Plaintiff's job duties as a deputy administrator and placed her in an allegedly temporary position with Hinds County Department of Human Services. The duties to which Plaintiff was assigned were simple. There were many persons who could have performed those duties. Plaintiff was sent on this temporary project because of Plaintiff's race and because of Plaintiff's disability and regarded as having had a disability. The transfer, however, was not a tangible employment action, since Plaintiff continued to receive the same amount of pay which she had in her previous position, and the transfer, standing alone, did not adversely affect Plaintiff. Plaintiff, therefore, did not file any EEOC charge at the time, since she had suffered no adverse employment action.

9.

While Plaintiff was still performing the temporary job duties, a newly-appointed executive director, Bob Anderson, decided to hire a compliance director and to lay off the least needed employee. Because Plaintiff was in a temporary position, Anderson decided to layoff Plaintiff so that he could hire a new compliance director. Anderson informed Plaintiff that she would have to

either retire or be terminated.  Anderson, a new director unaware of the discrimination that had been practiced in sending Plaintiff to the temporary position, was eliminating a person who appeared to be less needed.  Anderson was unaware that Plaintiff had this temporary position only because of the race, age, and disability discrimination against her.

10.

Had Plaintiff not been in the temporary position, she would not have been the logical person to lay off.  The logical person to lay off would have been the thirty-one (31) year old white female director.  This younger female had far less experience and job knowledge than did Plaintiff, and she did not have a history of having a disability.  It is also probable that a person with discriminatory animus, such as Jacob Black, advised Anderson to make the decision because of bias against Plaintiff because she is a black female, and because she had a history of a disability.  Otherwise, the thirty-one (31) year old would have been the logical person to be laid off.

11.

Plaintiff was discriminated against on grounds of her age, race, and disability by being placed into the temporary position, such that Plaintiff appeared to be an employee who was not needed at the time that the new executive director, Anderson, made his decision to lay off one employee.  Additionally, it is probable that a person with bias against Plaintiff based on her age, race, and disability influenced Anderson to layoff Plaintiff.  Had it not been for the age, race, and disability discrimination against Plaintiff, Plaintiff would not have been placed into the temporary position, and would not have been the person chosen to be laid off.

12.

Ultimately, in 2020, Defendant hired a new and younger white employee, Christy Kenny, to take over Plaintiff's job duties as a director. Had it not been for Plaintiff's age, race, and history of disability, Plaintiff would have been the logical person to receive the position which Kenny received.

13.

Plaintiff, therefore, sues and alleges discrimination as follows:

A.      Plaintiff was discriminated against on grounds of age, race, and history of disability in being into the temporary position at the Hinds County Department of Human Services in May 2019. This transfer ultimately resulted in Plaintiff's termination, when Plaintiff, because of being in the temporary position, appeared to be the person not needed when a layoff decision was made; and

B.      Plaintiff was again discriminated against at some point (unknown to Plaintiff) during 2020, when Kenny, a younger white person, was given the same duties as Plaintiff had as director.

14.

Plaintiff has suffered mental anxiety and stress and lost income as a result of Defendant's actions.

15.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and received two (2) right to sue letters with respect to her EEOC charge, attached hereto as collective Exhibit "B."

**REQUEST FOR RELIEF**

Plaintiff requests actual damages, reinstatement, or in the alternative, front pay, reinstatement, and reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 6th day of April, 2021.

DANA R. KIDD, Plaintiff

By:     */s/ JIM WAIDE*
        Jim Waide, MS Bar No. 6857
        Ron L. Woodruff, MS Bar No. 100391
        waide@waidelaw.com
        WAIDE & ASSOCIATES, P.A.
        332 North Spring Street (38804)
        Post Office Box 1357
        Tupelo, MS  38802-1357
        (662) 842-7324 / Telephone
        (662) 842-8056 / Facsimile

        ATTORNEYS FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF LAUderdale

PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the aforesaid jurisdiction, the within named **DANA R. KIDD**, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing **Complaint** are true and correct as stated therein.

DANA R. KIDD

GIVEN under my hand and official seal of office on this the 5TH day of April, 2021.

(SEAL)

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 120580
JAMES E. ELLIS
Commission Expires
June 15, 2021
DESOTO COUNTY

NOTARY PUBLIC

My Commission Expires: June 15, 2021